UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

M.S. and D.S., individually and on behalf of their minor disabled son A.S.,

                   Plaintiffs,

   -against-

New York City Department of Education,
                   Defendants.
_____

1:23 -CV-06471( )

COMPLAINT

Plaintiffs, M.S. and D.S., individually and on behalf of their son, A.S., by their attorneys, Mayerson & Associates, as and for their Complaint, allege and state the following:

**THE PARTIES**

1. Plaintiff A.S. is a sixteen-year boy with the classification of "autism spectrum disorder." There is no dispute as to A.S.'s classification nor to his entitlement to and need for special education services and a "free and appropriate public education" ("FAPE").

2. Plaintiffs D.S. and M.S. are A.S.'s parents.

3. Plaintiff A.S. was, at all relevant times and still is, a student entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statute, including but not limited to the Individuals with Disabilities Education Improvement Act (hereinafter "IDEA"), 20 U.S.C. § 1400 *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education Law, and Part 200 of the Commissioner's Regulations.

4. Although known to defendants, plaintiffs are not expressly named herein by their

given names because of the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act of 1974, 20 U.S.C. § 1232(g), and 34 C.F.R. § 99.[1]

5. Defendant City of New York is the municipality responsible for the New York City Department of Education pursuant to N.Y. Educ. Law Ch. 52-A.

6. Defendant, the New York City Department of Education ("DOE"), maintains an office at 52 Chambers Street, New York, New York 10007, and at other locations within New York City.

7. Defendant, David C. Banks, is the current Chancellor of the New York City Department of Education, with his principal offices located at 52 Chambers Street, New York, New York 10007, and is named herein solely in his representative capacity.

8. Defendant DOE is a "local educational agency" and school district organized under the laws of the State of New York. Both procedurally and substantively, defendant DOE was (and still is) statutorily obligated under the IDEA, as well as the laws of the State of New York, to provide the minor plaintiffs with a FAPE and to observe, honor and enforce plaintiffs' "pendency" entitlements and other related mandates and safeguards.

### THE RELIEF BEING SOUGHT

9. This action is brought on behalf of plaintiffs pursuant to the fee-shifting provisions of 20 U.S.C. § 1400, *et seq.*, ("IDEA") and, in particular, 20 U.S.C. §§ 1415.

10. This action follows a trial and appeal pertaining to the 2019-2020 school year that resulted in a state review officer's decision, issued on November 09, 2020, on the merits, in *plaintiffs'* favor.  The review officer's decision is now final and non-appealable and plaintiffs have clearly emerged from the underlying proceedings as the substantially prevailing party.

## JURISDICTION AND VENUE

11.     This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy, as the plaintiff family clearly emerged as the "prevailing party."  Venue is proper in that, during all relevant times, plaintiffs and defendant reside in or are situated within this judicial district.

## FACTS AND PROCEDURAL HISTORY

12.    On or about July 01, 2019, Plaintiffs M.S. and D.S. filed a demand for due process on behalf of themselves and their son, A.S.

13.    After the appointment of impartial hearing officer ("IHO"), Edgar De Leon, a hearing on the merits took place on February 05, 2020. The record consisted of 32 exhibits, 3 witnesses, and approximately 126 pages of trial testimony.

14.    In a twenty-five-page "Findings of Fact and Decision" dated July 07, 2020, the hearing officer found that The Department of Education failed to provide A.S. with a Free and Appropriate Public Education for the 2019-2020 school year. At the hearing, The Department of Education failed to put forth any witnesses, or any evidence at the hearing and therefore, the Department of Education failed to meet its Prong I burden. Moreover, the hearing officer ruled that M.S. and D.S. met their Prong II burden in that the private program was appropriate.

15.    However, the hearing officer erroneously ruled against M.S. and D.S. on Prong III grounds and denied their requested relief for direct funding of The Rebecca School's tuition and expenses.

16.    On July 28, 2020, M.S. and D.S. served and filed their Notice of Appeal challenging the IHO's Prong III determination. The DOE filed a cross-appeal challenging the IHO's Prong

II determination.

17. After the appointment of a specially trained and highly experienced state review officer ("SRO"), Steven Krolak, a final decision was issued on November 11, 2020. In a sixteen-page decision, SRO Krolak dismissed the DOE's cross-appeal and affirmed the IHO's Prong II determination in D.S. and M.S.'s favor. Furthermore, The SRO reversed the IHO's Prong III determination, finding the record before the IHO was sufficient to show that Prong III equitable considerations weighed in D.S. and M.S.'s favor. The SRO ordered the respondent, DOE, to reimburse D.S. and M.S. for any amounts paid for the cost of the Rebecca School's tuition and the cost of home-based services for the 2019-2022 12-month school year, and to directly fund the balance of A.S.'s tuition and program cost.

18. Thus, A.S. and his parents are therefore the "prevailing party" and are entitled to their reasonable attorneys' fees and costs.

19. Under the fee-shifting provisions of the IDEA statute, A.S., and his parents should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO and SRO levels, in the principal sum of not less than $ $95,084.50 and all additional fees and costs related to the recovery of appropriate attorney's fees and of this action (approximately $4,000 so far).

20. WHEREFORE, by reason of the foregoing, this Court should: (a) declare plaintiffs to be the "substantially prevailing party;" (b) fix and award plaintiffs' statutory attorneys' fees and related costs and disbursements from the IDEA due process proceeding and SRO appeal ($95,084.50), plus any additional fees and interest as this Court may allow for fees and costs recorded in this action (currently approximately $4,000); and (c) award plaintiffs such other, different and further relief as this Court deems proper.

Dated: July 26, 2023

New York, New York

*Gary S. Mayerson*
Gary S. Mayerson (GSM 8413)
Mayerson & Associates
Attorneys for Plaintiff
P.O. Box 230068, NY, NY 10023
(212) 265-7200
(212) 265-1735 (facsimile)

ATTENTION: We request that all funds awarded be delivered electronically by the Comptroller Office's EFT payment process. All mailings should be sent to P.O. Box 230068, New York, NY 1002.